UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALFREDO JAIME-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00346-JRS-MJD |
| | ) | |
| BRISON SWEARINGEN Sheriff of the Clay County Justice Center, *et al.*, | ) ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Alfredo Jaime-Perez is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on May 12, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Jaime-Perez now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1; dkt. 9.

For the reasons explained below, the Court **grants** the petition to the extent that no later than **5:00 p.m. on June 8, 2026**, Respondents must either: (1) afford Mr. Jaime-Perez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Jaime-Perez from custody, under reasonable conditions of supervision.

## I.    Background

Mr. Jaime-Perez is a citizen of Cuba. Dkt. 1 at ¶ 1. He came to the United States in August 2020 through the U.S.-Mexico border at the Santa Teresa area in New Mexico without inspection. Dkt. 6-1 at 2-4. However, he was arrested by border patrol shortly after entering the country and served with a Notice to Appear for removal proceedings. *Id.* at 4. Mr. Jaime-Perez was then

returned to Mexico under the Migrant Protection Protocol. *Id.* at 2. At some point during the pendency of his immigration proceedings, Mr. Jamie-Perez re-entered the United States on an unknown date and unknown location. *Id.* at 1. He subsequently moved to the interior of the United States and sought asylum, as well as work authorization. *Id.* at 2-3.

On March 6, 2026, Mr. Jaime-Perez was arrested in St. Joseph County, Indiana, for domestic battery. Dkt. 6-2 at 1. Days later, on March 10, 2026, Mr. Jaime-Perez was released from St. Joseph County Jail to ICE pursuant to an I-200 warrant. Dkt. 6-1 at 2, 10. The original Notice to Appear was updated with additional charges of inadmissibility, which charges Mr. Jaime-Perez with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "present in the United States without being admitted or paroled, or [he] arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 6-1 at 8. It also charges that he is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), claiming he lacked valid unexpired documentation (*e.g.*, immigrant visa). *See id.* at 4. Neither the "arriving alien" nor the "alien present in the United States who has not been admitted or paroled" boxes are checked. *Id.* at 1. Mr. Jamie-Perez's next hearing for the removal proceedings appears to be scheduled for June 26, 2026, in Chicago. Dkt. 6-3.

Mr. Jaime-Perez has been held pursuant to the immigration warrant since March 10, 2026, and is currently being held in the Clay County Justice Center in Brazil, Indiana. Dkt. 6-1; dkt. 1-1. The immigration warrant explicitly authorized his detention under § 1226 (§ 236 of the Immigration and Nationality Act ("INA")). *See* dkt. 6-1 at 5. He filed this action on May 14, 2026, seeking immediate release, dkt. 1, or, alternatively, a bond hearing. Dkt. 9 at 1.

## II.   Discussion

Mr. Jaime-Perez claims that his current detention violates 8 U.S.C. § 1226 and the Due Process Clause of the Fifth Amendment. Dkt. 1 at 12-13. Respondents argue that Mr. Jaime-Perez's is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2) and that § 1226(a) does not

apply to his case. Dkt. 6 at 3-7. Respondents also argue Mr. Jaime-Perez's detention does not give rise to a due process claim under the Fifth Amendment because detention pending removal proceedings "is a constitutionally permissible part of [the] process." *Id.* at 16. In the alternative, Respondents argue that, if the Court were to find § 1226(a) applicable, the appropriate remedy would be to order a bond hearing. *Id.* at 17.

The Court agrees that Mr. Jaime-Perez is entitled to a bond hearing, as his detention is governed by § 1226(a). As such, his detention is unlawful because he has not been afforded a bond hearing and Mr. Jaime-Perez is entitled to habeas corpus relief on this ground. In the interest of judicial economy, the Court does not address Petitioner's due process challenge.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

    (1) may continue to detain the arrested alien; and

    (2) may release the alien on—

        (A) bond[;] or

(B) conditional parole . . . .

8 U.S.C. § 1226(a).

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien

present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Jaime-Perez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Jaime-Perez is eligible for a bond hearing under § 1226(a). He arrived in New Mexico in 2020 and was returned back to Mexico under the Migrant Protection Protocol. He subsequently returned to the United States, then sought and obtained an employment authorization from USCIS in 2022. Dkt. 6-1 at 2. Mr. Jamie-Perez then moved to the interior of the country where he held employment at least part of the time. The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Jaime-Perez who have lived in the interior of the United States for years. *See, e.g., Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025); *see also Alejandro v. Olson*, 817 F. Supp. 3d 672, 677 (S.D. Ind. 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 817 F. Supp. 3d at 683.

Respondents essentially reassert the same argument previously advanced in those cases mentioned above and maintain that § 1225 controls because Mr. Jaime-Perez is "applicant for admission" into the United States who is not clearly and beyond doubt entitled to be admitted. Dkt. 6 at 4-5. Their position is supported primarily by out-of-circuit cases that are familiar to the Court. *See* dkt. 6 at 9-15 (citing, among other cases, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th

Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

The Seventh Circuit has not definitively ruled on the subject yet, but the court in *Castañon-Nava v. U.S. Dep't of Homeland Sec.* determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th 1048 (7th Cir. 2025). This is a decision that carries persuasive authority due to its procedural posture,[1] which reaffirms the Court's prior decisions where it applied the same established canons of statutory interpretation to facts analogous to those here.

The reasoning in *Castañon-Nava* was adopted by the Second Circuit in *Barbosa da Cunha v. Freden*, when it explicitly rejected the government's contention that § 1225 controls. *See* --- F.4th ----, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) ("Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4). The Second Circuit is joined by at least two other circuits. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ----, No. 25-14065, 2026 WL 1243395, at *6 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, --- F.4th ----, No. 25-1965, 2026 WL 1283891, at *3 (6th Cir. May 11, 2026).

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

Moreover, Respondents' legal reasoning cannot be reconciled with the government's treatment of Mr. Jaime-Perez, *i.e.*, arresting him inside the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. *See* dkt. 6-1 at 10 (authorizing detention under section 236 of the INA, codified as § 1226). Given the government's treatment of Mr. Jaime-Perez, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Nothing in this case convinces the Court of the need to revisit its prior rulings. And Respondents have not cited any case that convinces the Court to depart with from its prior rulings or that the Seventh Circuit will depart from *Castañon-Nava* to instead follow *Buenrostro-Mendez* or *Avila*. The Court continues to rely on *Castañon-Nava* as persuasive and finds that continued detention without consideration of bond violates the INA. Accordingly, Mr. Jaime-Perez is entitled to a bond hearing under § 1226. The Court declines to reach the remaining arguments, as Mr. Jaime-Perez is entitled to habeas relief on this ground. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

### III.   Scope of Relief

Mr. Jaime-Perez is entitled to habeas relief because his continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Jaime-Perez requests immediate release from custody or, alternatively, an individualized bond hearing. Dkt. 1; dkt. 9. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure

release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Jaime-Perez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### IV.    Conclusion

The Court **grants** the petition to the extent that no later than **5:00 p.m. on June 8, 2026**, Respondents must either: (1) provide Mr. Jaime-Perez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Jaime-Perez from custody, under reasonable conditions of supervision.[2] Respondents must file documentation certifying that they have either provided Mr. Jaime-Perez with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Court **orders** the Attorney General to provide notice of the bond hearing to Mr. Jaime-Perez's counsel upon the scheduling of the hearing.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 05/28/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

---

[2] This deadline for a bond hearing may be modified without Court involvement upon agreement of Federal Respondents and Petitioner.

Distribution:

All Electronically Registered Counsel